## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3:24-cv-38-MOC

| | | |
|---|---|---|
| MARIAH DIAZ, | ) | |
| | ) | |
| **Plaintiff, pro se,** | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| KLS FINANCIAL SERVICES, INC., | ) | |
| | ) | |
| **Defendant.** | ) | |

**THIS MATTER** is before the Court on Defendant KLS Financial Services, Inc.'s

Motion for Judgment on the Pleadings, pursuant to Federal Rule of Civil Procedure 12(c). (Doc.

No. 6). For the following reasons, Defendant's motion is **GRANTED**.

### I.    BACKGROUND

In this action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §

1692 et seq., pro se Plaintiff Mariah Diaz alleges that she received a letter from debt collector

Defendant KLS on October 16, 2023, stating that she owed $67 to Zammitti Orthodontics. (Doc.

No. 1, ¶ 7). On October 25, 2023, Plaintiff sent Defendant a letter stating that she refused to pay

the debt. (Id. ¶ 8). She contends that, pursuant to 15 U.S.C. § 1692c(c), Defendant was required

to cease all communication with her because of her written refusal to pay. (Id. ¶ 10). Defendant

allegedly did not comply with that request and sent Plaintiff a letter on December 8, 2023. (Id.).

Attached to Defendant's answer are the three letters at issue: Defendant's October 16, 2023

letter (Doc. No. 3-1), Plaintiff's October 25, 2023 letter (Doc. No. 3-2) and Defendant's

December 8, 2023 letter.[1] (Doc. No. 3-2). Defendant's October 16, 2023, letter, identifies

---

[1] A court can consider extrinsic documents at the motion to dismiss stage if they are integral to
and explicitly relied on in the complaint and the plaintiff does not challenge their authenticity.

Zammitti Orthodontics as creditor with a balance of $67. ("October Letter"). The October Letter

provided Plaintiff with a deadline of November 22, 2023, to dispute the debt, which would in

turn trigger Defendant's obligation to provide validation.

Plaintiff alleges that on October 25, 2023, she sent Defendant a letter in which she

refused to pay the debt ("Cease/Dispute Letter"). (Doc. No. 1, ¶ 8). That letter states in its

entirety:

> Hi, my name is Mariah Diaz. I have noticed that an old dental debt has been
> placed in your office. I thought that my insurance woul[d] have covered this
> balance. I am not in possession of any other documents in support of this balance.
> Therefore I am not going to pay this debt. I hope you guys understand.

(Doc. No. 3-2). In that letter, Plaintiff disputed the debt – "I thought that my insurance would

have covered this balance" – stated that she doesn't have any documents –"I am not in

possession of any documents in support of this balance" – and informed Defendant that she

refused to pay – "I am not going to pay this debt." This letter was mailed to Defendant within the

validation period identified in the October Letter.

Since Plaintiff mailed the Cease/Desist Letter within the validation period, Defendant

mailed Plaintiff a letter dated December 8, 2023, which contained validation of the debt

("December Letter"). That letter contained the creditor's documents, which Plaintiff stated she

did not have. Based on these allegations, Plaintiff asserts that Defendant violated the FDCPA.

Defendant filed the pending motion for judgment on the pleadings on March 18, 2024.

(Doc. No. 6). This Court issued an Order notifying Plaintiff of his right to respond to the motion

---

Am. Chiropractic v. Trigon Healthcare, Inc., 367 F.3d 212, 234 (4th Cir. 2004). Plaintiff
identifies three letters in her Complaint – the October Letter, the Cease/Dispute Letter, and the
December Letter. She did not include copies of those letters in her Complaint. Defendant
attached those three letters to its Answer. The letters are integral to this case as they form the
basis for Plaintiff's claim. The letters are explicitly relied on for the complaint as they are
specifically identified in the Complaint. Lastly, Plaintiff cannot challenge their authenticity.

to dismiss. (Doc. No. 7). Plaintiff has not responded to Defendant's motion, and the time to do so has passed. This matter is ripe for resolution.

## II.     STANDARD OF REVIEW

"A motion for judgment on the pleadings under Rule 12(c) is assessed under the same standards as a motion to dismiss under Rule 12(b)(6)." Occupy Columbia v. Haley, 738 F.3d 107, 115 (4th Cir. 2013) (citing Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999)). Therefore, under Rule 12(c), a claim must be dismissed when a claimant's allegations fail to set forth a set of facts which, if true, would entitle the claimant to relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) (holding that a claim must be facially plausible to survive a motion to dismiss). When considering a motion to dismiss, the Court is "obliged to accept the complaint's factual allegations as true and draw all reasonable inferences in favor of the plaintiffs." Feminist Majority Found. v. Hurley, 911 F.3d 674, 685 (4th Cir. 2018). "However, the court need not accept the legal conclusions drawn from the facts, and need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Monroe v. City of Charlottesville, Va., 579 F.3d 380, 385–86 (4th Cir. 2009) (internal citations and quotations omitted).

## III.     DISCUSSION

Plaintiff alleges that Defendant violated 15 U.S.C. § 1692c(c) by sending her the December Letter, after she previously informed Defendant in writing that she refused to pay the debt. (Doc. No. 1, ¶¶ 12–15). Plaintiff is incorrect. 15 U.S.C. § 1692c regulates debt collectors communication directly with consumers. Section 1692c(c) provides consumers with a mechanism to force debt collectors from communicating with them further. If a consumer notifies a debt collector in "writing that the consumer refuses to pay a debt … the debt collector

3

shall not communicate further with the consumer with respect to such debt…" 15 U.S.C. §

1692c(c). This rule has exceptions. A debt collector is allowed to communicate directly with the

consumer if the communication is to notify the consumer that the debt collector may invoke a

specific remedy. 15 U.S.C. §§ 1692c(c)(2)-(3). Providing validation in response to a dispute falls

within this exception.

The FDCPA requires that debt collectors provide consumers with specific disclosures of

their dispute and validation rights and the deadline to invoke those rights.[2] 15 U.S.C. § 1692g(a).

If the consumer disputes the debt in writing, then the debt collector must cease collection until

validation is provided. 15 U.S.C. § 1692g(b). Therefore, when a debt collector receives a timely

written dispute, it has two options: (1) provide validation, or (2) cease collection. Courts have

held that providing validation falls within Section 1692c(c)'s exception:

> Similarly, a broad reading could be applied to § 1692c(c)(3) to include the
> communication of all items statutorily required in order to invoke a remedy.
> Because verification is a statutorily required activity in order to resume collection
> activities, verification activities could be communications allowed implicitly
> under exception 1692c(c)(3).

Recker v. Cent. Collection Bureau, 1:04-cv-2037-WTL-DFH, 2005 WL 2654222, at *4 (S.D.

Ind. Oct. 17, 2005); Ross v. Cavalry Portfolio Servs., LLC, 23-CV-1113(KAM)(VMS), 2023

WL 7031932, at *6 n.3 (E.D.N.Y. Oct. 26, 2023). Plaintiff's letter contained both a dispute and a

cease-and-desist request.

---

[2] The Consumer Financial Protection Bureau ("CFPB") implemented rules regarding the
FDCPA. In those regulations, the CFPB stated that debt collector's validation letter must include
an "end date of the validation period and a statement that, if the consumer notifies the debt
collector in writing on or before that date that the debt, or any portion of the debt is disputed, the
debt collector must cease collection of the debt, or the disputed portion of the debt, until the debt
collector sends the consumer either verification of the debt or a copy of the judgment." 12 C.F.R.
§ 1006.34(c)(3)(i). In compliance with this regulation, the October Letter provided Plaintiff
through and including November 22, 2023, to dispute the debts and request validation.

Defendant's October Letter provided Plaintiff until November 22, 2023, to dispute the debt. Plaintiff did so by sending the letter on October 28, 2023. Upon receipt of the Cease/Dispute Letter, Defendant was required to either cease collection or provide validation. Since Defendant was statutorily required to provide validation to resume collection, its December 8, 2023, letter validating the debt falls within Section 1692c(c)(3). Therefore, Defendant did not violate Section 1692c(c) by providing validation on December 8, 2023.

In addition to the Section 1692c(c) exceptions, a consumer can also waive their cease-and-desist rights. Although the Fourth Circuit Court of Appeals has not yet addressed this issue, other circuit courts have held that consumers can waive their rights under Section 1692c(c). Clark v. Capital Credit & Collection Servs., 460 F. 3d 1162, 1170 (9th Cir. 2006); Scheffler v. Gurstel Chargo, P.A., 902 F.3d 757, 763 (8th Cir. 2018); Mammen v. Bronson & Migliaccio, LLP, 715 F. Supp. 2d 1210, 1217 (M.D. Fla. 2009) ("The Court notes that Plaintiff's request for verification of debt is a waiver of the 'cease communication' directive with respect to verification of the debt."); Crumel v. Kross, Lieberman & Stone, Inc., 5:14-CV-80-BR, 2015 U.S. Dist. LEXIS 45853, at *12 (E.D.N.C. Apr. 8, 2015) ("Further, plaintiff's request for verification constituted a waiver of his cease communication directive, but only with respect to the verification information."); Vazzano v. Receivable Mgmt., Servs., LLC, 599 F. Supp. 3d 463, 468 (N.D. Tex. 2021) ("Consistent with this reasoning, however, where courts have allowed a waiver, there was an explicit request for the debt collector for information.").

Plaintiff waived her cease-and-desist rights by disputing the debt. In the Cease/Dispute Letter, Plaintiff disputed the debt and stated that she does not have any documents. Defendant's December Letter validated the debt and provided Plaintiff with the creditor's documents explaining the balance. Defendant's letter was limited to the scope of the issues identified in

Plaintiff's letter. Since Plaintiff sent a timely written dispute Defendant was required to provide validation to continue collection on the account. The dispute would be a waiver of Plaintiff's cease-and-desist rights. Therefore, the December Letter did not violate the FDCPA.

## IV.    CONCLUSION

For the reasons stated above, the Court grants Defendant's motion for judgment on the pleadings.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Defendant's Motion for Judgment on the Pleadings, Doc. No. 6, is **GRANTED** and Plaintiff's claims are **DISMISSED** with prejudice.

Signed: May 14, 2024

Max O. Cogburn Jr
United States District Judge